UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

JUDGE HOLWELL

LAWRENCE GAMBELLA,

                     Plaintiff,

           -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a THE BOARD OF EDUCATION OF
THE SCHOOL DISTRICT OF THE CITY OF NEW
YORK and THE SPECIAL COMMISSIONER OF
INVESTIGATION FOR THE NEW YORK CITY
SCHOOL DISTRICT,

                     Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – X

**NOTICE OF REMOVAL**

Case No. 07 CIV

**07 CIV 5982**



COPY

RECEIVED

JUN 2 5 2007

U.S.D.C. S.D. N.Y.
CASHIERS

**TO:**    **THE UNITED STATES DISTRICT COURT,**
        **SOUTHERN DISTRICT OF NEW YORK**

      Defendants, by and through their attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, respectfully show this Court as follows:

      1.      On or about May 25, 2007, the New York City Law Department, Office of

the Corporation Counsel, received by hand a Summons and Verified Complaint in the above-

entitled action, pending in the Supreme Court of the State of New York, County of New York,

Index No. 107417/07, naming the New York City Board of Education ("BOE") (also known as

and being sued herein as the "New York City Department of Education") and the Special

Commissioner of Investigation for the New York City School District ("SCI") as defendants

therein, and setting forth the claims for relief upon which the action is based. On or about June

8, 2007, the SCI received, by hand, a copy of the same. A copy of plaintiff's Summons and

Verified Complaint, verified May 22, 2007, is annexed hereto as Exhibit "A."

      2.      The above-captioned action is a civil action of which the District Court

has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises

under the laws of the United States, and a violation of plaintiff's federal civil rights by defendants. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3.  Plaintiff brings this lawsuit claiming, <u>inter</u> <u>alia</u>, that defendants, while acting under color of state law, deprived plaintiff of his constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.. <u>See</u> Exhibit "A" ¶¶ 22-23, 26.

4.  This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading. <u>See</u> 28 U.S.C. § 1446(b).

5.  Defendants all consent to removal of this action.

6.  Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:     New York, New York
           June 22, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-138
                          New York, New York  10007
                          (212) 788-0866

              By:     _____
                          Christopher A. Seacord (CS0821)
                          Assistant Corporation Counsel

TO:     Steven A. Friedman, Esq.
        James R. Sandner
        Attorney for Plaintiff
        52 Broadway – 9th Floor
        New York, New York 10004

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

05Le 000213

2007-017414

---

LAWRENCE GAMBELLA,

            Plaintiff,

    -against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION
f/k/a THE BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE CITY OF NEW YORK
and THE SPECIAL COMMISSIONER OF
INVESTIGATION FOR THE NEW YORK CITY SCHOOL
DISTRICT,

            Defendants.

---

**SUMMONS**

Index No. 107417/07

Plaintiff designates New York
County as the place of trial.

The basis of venue is that Defendants
are situated in New York County.

NEW YORK
COUNTY CLERK'S OFFICE

**MAY 2 5 2007**

NOT COMPARED
WITH COPY FILE

TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the verified

complaint in this action and to serve a copy of your answer upon plaintiff's attorney within

twenty (20) days after service of this summons, exclusive of the day of service, or within thirty

(30) days after service is complete if this summons is not personally delivered to you within the

State of New York. In the case of your failure to answer, judgment will be taken against you by

default for the relief demanded in the verified complaint.

        The basis of venue designated is that Defendants are situated in New York County.

Dated: New York, New York
       May 24, 2007

                        JAMES R. SANDNER
                        Attorney for Plaintiff

            By:     _____
                        STEVEN A. FRIEDMAN
                        Office & P.O. Address
                        52 Broadway, 9th Floor
                        New York, NY 10004
                        (212)533-6300

LEGAL-NYC:108205

Defendants' Addresses:

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK
49-51 Chambers Street
New York, New York 10007

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK
49-51 Chambers Street
New York, New York 10007

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK
c/o Office of Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, New York 10007

THE SPECIAL COMMISSIONER OF
INVESTIGATION FOR THE NEW YORK CITY
SCHOOL DISTRICT
25 Broadway, 8th Floor
New York, NY 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LAWRENCE GAMBELLA,

<div style="margin-left: 2em">Plaintiff,</div>

<div style="margin-left: 1em">-against-</div>

THE NEW YORK CITY DEPARTMENT OF EDUCATION
f/k/a THE BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE CITY OF NEW YORK
and THE SPECIAL COMMISSIONER OF
INVESTIGATION FOR THE NEW YORK CITY SCHOOL
DISTRICT,

<div style="margin-left: 3em">Defendants.</div>

**VERIFIED COMPLAINT**

**Index No.**

---

Plaintiff, by his attorney, James R. Sandner (Steven A. Friedman, Of Counsel), as and for

his Verified Complaint, alleges as follows:

## VENUE

1.    Pursuant to CPLR §504, venue is in this county because both defendants are

situated in New York County.

## PARTIES

2.    Plaintiff is an individual residing in State of New York, County of Richmond.

3.    Defendant New York City Department of Education, f/k/a, Board of Education of

the of the School District of the City of New York ("Department") is a municipal agency and

entity organized and existing, upon information and belief, pursuant to the laws of the State and

City of New York.  The Department is, upon information and belief, authorized and empowered

to provide educational services to students residing in the City of New York.

4.    Defendant Special Commissioner of Investigation for the New York City School District ("SCI") is a municipal agency and entity organized and existing, upon information and belief, pursuant to the laws of the State and City of New York. The SCI is, upon information and belief, authorized and empowered to investigate allegations of misconduct by employees of the Department.

## NOTICE OF CLAIM

5.    Pursuant to New York Education Law § 3813 and New York General Municipal Law §50-e, a Notice of Claim was duly and timely served on defendants on April 25, 2007.

## FACTUAL BACKGROUND

6.    Plaintiff was employed by the Department as a teacher from 1973 to 1976.

7.    In or about 1976, he continued to be employed by the Department as an Assistant Principal.

8.    Plaintiff retired from the Department in June, 2002.

9.    Prior to his retirement in June, 2002, plaintiff was approached by investigators for the SCI who informed plaintiff that two of his former students had reported to them incidents of sexual abuse, which allegedly occurred in 1975 and 1976, when plaintiff was a teacher at a school in Brooklyn, New York ("the Allegations").

10.    On or about September 11, 2002 the SCI issued a report ("the Report") that addressed the Allegations and recommended to the Department's Chancellor, that because of the Allegations, plaintiff ".... be barred from future employment with the Department of Education, including work as a consultant."

11.    Following the issuance of the Report, the New York State Education Department ("SED") commenced a proceeding pursuant to Part 83 of the Regulations of the Commissioner of

LEGAL-NYC:108055

the New York State Education Department ("Part 83") to terminate plaintiff's New York State teaching license. Upon information and belief, the Part 83 proceeding was commenced, in part, as a result of the issuance of the Report, and the Department's notification of SED of the Allegations.

12.    Pursuant to regulations promulgated by the SED, plaintiff was entitled to a hearing before a panel to determine whether there was cause for the termination of his New York State teaching license because of the allegations of sexual abuse which allegedly occurred in 1975 and 1976. The two individuals who accused plaintiff of sexual abuse during that time testified at the hearing.

13.    On February 3, 2004 the Part 83 hearing panel unanimously found that the SED had not proven the charges and had not met its burden of proof. It therefore dismissed the Part 83 proceeding in its entirety.

14.    The Part 83 panel therefore cleared plaintiff of all the allegations contained in the SCI report because the Part 83 panel determined that there was insufficient evidence to support any allegations of sexual abuse by plaintiff allegedly occurring in 1975 and 1976.

15.    Plaintiff then obtained employment as a Coordinator of translators for the Diocese of Brooklyn ("Diocese").

16.    In or about January, 2007 Plaintiff was informed by his supervisor at the Diocese that because of information the Diocese had obtained he could resign his employment with the Diocese, or his employment would be terminated.

17.    Subsequent investigation revealed that an undisclosed individual had sent the Diocese newspaper clipping of the allegations which had been posted on a website.

18.     Individuals acting on behalf of the Diocese then sent the SCI a request made, upon information and belief, pursuant to the Freedom of Information Law ("FOIL"), for information regarding the Allegations.

19.     The SCI then released the Report to the Diocese.

## AS AND FOR A FIRST CAUSE OF ACTION: VIOLATION OF CONSTITUTIONAL RIGHTS

20.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-19 of the Verified Complaint as though set forth at length herein.

21.     That as a result the SCI's release of the Report, plaintiff is precluded from securing employment, despite being completely exonerated of the Allegations.

22.     That as a result of the SCI's release of, and continued potential release of, the Report, plaintiff will be precluded and foreclosed from obtaining employment because he is "stigmatized", in violation of his federal and New York State constitutional rights.

23.     That the right to be free of a "stigma" which prevents future employment is a protected "liberty interest" under the 14th Amendment to the U.S. Constitution and Article 1, §6 of the New York State Constitution.

24.     That by releasing the SCI Report, the SCI has violated plaintiff's constitutional rights because it resulted in the foreclosure of future employment opportunities for Plaintiff.

25.     That both the SCI and the Department will potentially continue to release the Report and similar information relating to the Allegations, which will continue to foreclose plaintiff's employment opportunities.

LEGAL-NYC:108055

26.    That this Court must declare that Plaintiff's constitutional rights were violated and that the continued release of the Report and information relating to the allegations by the SCI and the Department violates both the U.S. and New York State Constitutions.

## AS AND FOR A SECOND CAUSE OF ACTION:
## PERMANENT INJUNCTION

27.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-26 of the Verified Complaint as though set forth at length herein.

28.    That as a result of the past and possible future release of the Report and information contained in plaintiff's personnel file maintained by the Department, plaintiff has been and will continue to be irreparably harmed because he will be unable to secure future employment.

29.    That plaintiff is similarly entitled to a permanent injunction because he has no adequate remedy at law against the Department and the SCI.

30.    That because of the violation of plaintiff's constitutionally protected liberty interest in securing future employment, Plaintiff is entitled to a permanent injunction directing that both the SCI and the Department be permanently enjoined from releasing the Report and any information relating to the Allegations.

WHEREFORE, plaintiff respectfully demands an order:

(1)    That the SCI and Department expunge the SCI Report from Plaintiff's personnel file and any files maintained by the SCI, as well as any electronic database or registries maintained by the Department and the SCI;

(2)    permanently prohibiting and enjoining both the Department and the SCI from

disclosing the Report or any information relating to the allegations contained therein;

(3)    requiring the Department to provide to prospective employers only the dates of plaintiff's employment with the Department and his date of resignation; and

(4)    For such other and further relief as the Court deems just and proper.

Dated: New York, NY
       May 18, 2007

Respectfully Submitted,

JAMES R. SANDNER
Attorney for Plaintiff Gambella
Office & PO Address
52 Broadway - 9th Floor
New York, NY 10004

By: _____
    STEVEN A. FRIEDMAN

## VERIFICATION

STATE OF NEW YORK    )

                             ss.:

COUNTY OF NEW YORK  )

       LAWRENCE GAMBELLA, being duly sworn, deposes and says that: deponent is the plaintiff in this matter, deponent has read the annexed Verified Complaint, and knows the contents thereof, and that the same is true to the knowledge of deponent except as to matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

                                       _____

                                       LAWRENCE GAMBELLA

Sworn to before me this

22ᵈ day of May, 2007.

_____

Notary Public

SITA BEUTIN
NOTARY PUBLIC, State of New York
No. 41-4987976
Qualified in Queens County
Commission Expires 10/28/09

## CERTIFICATE OF SERVICE

I, Christopher Seacord, hereby certify that a copy of the attached Notice of

Removal was caused to be served on the party listed below by mail on June 22, 2007.

Steven A. Friedman, Esq.
James R. Sandner
Attorney for Plaintiff
52 Broadway – 9th Floor
New York, New York 10004

Dated:     New York, New York
           June 22, 2007

Christopher A. Seacord (CS0821)
Assistant Corporation Counsel

Case No. 07 Civ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE GAMBELLA,

Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION
f/k/a THE BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE CITY OF NEW YORK and THE
SPECIAL COMMISSIONER FOR THE NEW YORK CITY
SCHOOL DISTRICT,

Defendants.

## NOTICE OF REMOVAL

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-138*
*New York, New York. 10007*

*Of Counsel: Christopher A. Seacord*
*Tel: (212) 788-0866*
*Matter No. 2007-017414*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................ *200*

.................................................. *Esq.*

*Attorney for* ..................................................