

**Office of General Counsel**
James R. Sandner
*General Counsel*

| Albany | New York |
|---|---|
| **Janet Axelrod** | **Claude I. Hersh** |
| *Associate General Counsel* | *Associate General Counsel* |
| **Richard E. Casagrande** | **Stuart I. Lipkind** |
| *Associate General Counsel* | *Associate General Counsel* |
| | **Richard A. Shane** |
| | *Associate General Counsel* |

July 10, 2007

*BY FAX AND ECF*

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Gambella, Lawrence advs. BOE, CSD, CNY & SCI
     07-Civ. 05982 (RJH)
     Our File No. 250066-N145

Dear Judge Holwell:

This office represents plaintiff in the above-referenced action, which has been removed from the New York State Supreme Court on or about June 25, 2007.

I am writing to oppose removal of this matter from the state court and to respectfully request that it be remanded to state court pursuant to 28 U.S.C. § 1447 ( c), on the grounds that the Court lacks subject matter jurisdiction.

Defendants have removed this action on the grounds that the Court has original jurisdiction under 28 U.S.C. § 1331 because plaintiff alleges "a violation of plaintiff's federal civil rights by defendants." Notice of Removal at ¶ 2.[1]

Initially, defendants state in the Notice of Removal that plaintiff "brings this lawsuit claiming *inter alia* depriv[ation] of his constitutional rights ... in violation of 42 U.S.C. § 1983."

---

[1] The Court's rules prohibit faxing of letters that exceed four pages in length. I am therefore not transmitting copies of the Notice of Removal and the state court complaint annexed thereto. If the Court directs otherwise, I will forward copies of the applicable pleadings, for the Court's convenience.

LEGAL-NYC:109244

Hon. Richard J. Holwell
July 10, 2007
Page -2-

Notice of removal at ¶ 3. This is entirely untrue. The Verified Complaint filed in state court makes no mention whatsoever of 42 U.S.C. § 1983. *See* Exhibit "A" to Notice of Removal.

    Secondly, defendants base their removal to federal court of this matter on references, in three paragraphs of the Verified Complaint, to violations of plaintiff's federal constitutional rights. *See* Verified Complaint at ¶¶ 22-23, 26. However, plaintiff's cause of action is based solely on state law and the references to violations of federal constitutional rights were inserted in the Verified Complaint to state completely the holding of the New York Court of Appeals in *In the Matter of Lee TT v. Dowling*, 87 N.Y. 2d 699, 710, 642 N.Y.S. 2d 181, 188 (1996). In *In the Matter of Lee*, the New York Court of Appeals determined that the foreclosure of future employment is a protected "liberty" interest requiring due process of law under both the New York State and the U.S. Constitutions. Plaintiff's claim, therefore, that defendants should be prohibited from releasing any "stigmatizing" information about plaintiff which will preclude any future employment opportunities for him, can stand alone on a violation of Article 1, § 6 of the New York State Constitution only. In fact, plaintiff is willing to serve an amended state court complaint omitting any reference to violation of any federal constitutional or other rights.

    The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction. Its availability depends in part on "an evaluation of the nature of the federal interest at stake." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 806 (1986). Furthermore, the Supreme Court has held that a federal question is sufficiently substantial to support federal jurisdiction if "the vindication of a right under state law necessarily turns on some construction of federal law." *Bracey v. Bd. of Education of City of Bridgeport*, 368 F.3d 108, 114 (2d Cir. 2004) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Here, construction of federal law is entirely unnecessary because the state law claim of violation of a state constitution exists independent of any federal claim, the claim arises under state law, and state law is adequate to afford plaintiff the relief he seeks. As set forth above, plaintiff is willing to omit any reference to federal constitutional violations and/or any "other law of the United States."

    Furthermore, and perhaps most significant, is the waste of judicial resources removal of this matter would entail. If this Court were to read the Verified Complaint broadly enough to construe that plaintiff is in fact making a federal claim, and then dismissed that federal claim, it would most likely decline to exercise pendent jurisdiction over plaintiff's state law claim of violation of the New York State Constitution. Plaintiff would then be in the untenable position of having to file a complaint in state court all over again, following adjudication of the purported federal claim. Aside from wasting judicial resources, this would also involve considerable delay, further hampering plaintiff's ability to obtain employment. This is precisely what this Court recognized in *Shannon v. MTA Metro-North R.R.*, 952 F. Supp 177, 179, FN 4 (S.D.N.Y. 1997), when it remanded a case to state court where, as in the case at bar, the complaint made no

LEGAL-NYC:109244

Hon. Richard J. Holwell
July 10, 2007
Page -3-

reference to 42 U.S.C. § 1983, and only made reference to the U.S. Constitution (First Amendment). The Court also recognized that, as stated above, plaintiff's alleged federal right was "irrelevant " to determination of plaintiff's state law claims. *Shannon, supra,* 952 F. Supp. at 177.

Finally, "in determining federal question jurisdiction, courts must make principled, pragmatic distinctions, engaging in a selective process, which picks the substantial causes out of the web and lays the other ones aside." *Merrell Dow, supra,* 478 U.S, 813-814 (citations omitted).

For the foregoing reasons, plaintiff respectfully requests that this matter be remanded to the New York State Supreme Court, and that the Court grant such other and further relief as it deems to be just.

Respectfully submitted,

JAMES R. SANDNER

By:  *[signature]*
STEVEN A. FRIEDMAN
Associate Counsel

SAF:sb
c:   Christopher A. Seacord, Esq., Assistant Corporation Counsel (By Fax and ECF)
     Lawrence Gambella (By regular Mail)